IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

RICKEY A. DIXON                                                      PLAINTIFF

v.                                        Case No. 4:23-CV-00049-LPR

RENATA MITCHELL,
Site Manager                                                         DEFENDANT

AMENDED ORDER[1]

Plaintiff Rickey Dixon's Motion to Proceed *In Forma Pauperis* is granted.[2]  He reports

little income and few savings.[3]  The law requires that the Court screen his Complaint.[4]  A pro se

plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from

conceivable to plausible," or the "complaint must be dismissed" for failing to state a claim upon

which relief can be granted.[5]  Regardless of whether a plaintiff is represented or is appearing pro

se, the plaintiff's complaint must allege specific facts sufficient to state a claim.[6]  Further, while

this Court must review pro se complaints liberally, Mr. Dixon must at the very least allege some

facts supporting a claim that can be heard by this Court.[7]

---

[1] In the previous version of this Order, the Court mistakenly swapped Ms. Mitchell's name for Mr. Dixon's name at two different points.  The first instance occurred in the second complete sentence of page two *of the previous Order*. The second instance occurred in footnote twelve *of the previous Order*.  This Amended Order corrects those mistakes. There are no other changes.

[2] Mot. for Leave to Proceed *IFP* (Doc. 1); *see Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)).

[3] Mot. for Leave to Proceed *IFP* (Doc. 1).

[4] 28 U.S.C. § 1915(e)(2); Compl. (Doc. 2).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

[6] *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[7] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Dixon says he is bringing a *Bivens* action against Renata Mitchell.[8]  According to the Complaint, Ms. Mitchell is the site manager of the Theressa James Manor Apartment Complex.[9]  Mr. Dixon is suing Ms. Mitchell in her individual capacity only.[10]  In his Complaint, Mr. Dixon expressly identifies the sole issue as "discriminat[ion] against a disable[d] person."[11]

The Complaint has many deficiencies.[12]  For example, it alleges no facts to suggest Mr. Dixon is disabled within the meaning of any federal law or constitutional provision.  Instead, the Complaint vaguely alleges that Mr. Dixon "got sick," "need[s] a caregiver," and "made [his common law] wife [his] caregiver . . . ."[13]  That's not enough to adequately allege a disability.

For another example, the Complaint doesn't allege disability discrimination.  It alleges— in a conclusory fashion—that Ms. Mitchell evicted Mr. Dixon because she "didn't like [him] because [he] had a white wife . . . ."[14]  It also alleges that Ms. Mitchell made a "false statement" about Mr. Dixon, and that this unspecified false statement somehow prevented him from getting any alternative apartment.[15]  None of this, even if true, amounts to disability discrimination, which is the only claim Mr. Dixon says he is bringing.  If Mr. Dixon wants to bring additional claims— such as a racial discrimination claim or some type of defamation claim—he must say so more

---

[8] Compl. (Doc. 2) at 3.

[9] *Id.* at 2–4.

[10] *Id.* at 2.

[11] *Id.* at 3.

[12] The Court provides several examples of deficiencies.  They are not meant to be an exhaustive list of deficiencies. Right now, the multifaceted problems with the Complaint prevent the identification and discussion of an exhaustive list of deficiencies.

[13] *Id.* at 4–5.  There is also a confusing allegation that Mr. Dixon "havent [sic] Doctor's statement showing when [he] needed a caregiver all the time . . . ."  *Id.* at 4.

[14] *Id.*

[15] *Id.* at 5.

clearly.  (He also must provide non-conclusory factual allegations to support such additional claims.)

For a third example, the Complaint does not allege that Ms. Mitchell is a federal government employee or otherwise subject to a *Bivens* action.[16]  Without specific allegations to suggest that Ms. Mitchell is a federal official or federal actor, the type of claim Mr. Dixon is trying to bring cannot move forward.  And even if Mr. Dixon had made such allegations, it is not at all clear that a *Bivens* action lies for disability discrimination.

The Court understands that Mr. Dixon is proceeding pro se and, therefore, will give him 45 days to amend his Complaint if he wants to do so.  If he does not amend his Complaint, his case will be dismissed without prejudice.  **If he does amend his Complaint, Mr. Dixon must understand that his Amended Complaint will completely supersede and replace his original Complaint, rendering the original Complaint a nullity.**  Any Amended Complaint should set out all the facts and claims in a plainly stated, organized manner and include any supporting documents or letters to aid in determining Mr. Dixon's claims.  Importantly, if Mr. Dixon believes he is setting forth a claim or claims under federal law, he should (1) clearly identify which federal law or laws, and (2) explain how he believes that specific federal law or those specific federal laws were violated.

IT IS SO ORDERED this 6th day of March 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[16] *See generally Egbert v. Boule*, 142 S. Ct. 1793, 1802–04 (2022) (explaining what a *Bivens* claim is).